UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERTA and KARL ANDERSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:10 CV 269 |
| | ) |
| O'LEARY PAINT COMPANY, AKZO | ) |
| NOBEL PAINTS, LLC d/b/a ICI | ) |
| PAINTS, and RAINGUARD | ) |
| INTERNATIONAL, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on the motion of defendant Weatherman Products, Inc., doing business as Rainguard International, Inc., to dismiss certain counts of plaintiffs' complaint for failure to state a claim upon which relief may be granted pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). (DE # 21.) For the reasons set forth below, the motion is granted in part and denied in part.

I.   BACKGROUND [1]

Plaintiffs Roberta and Karl Anderson, a married couple living in Plymouth, Indiana, decided to paint the redwood siding of their home in August of 2009. (Compl. ¶¶ 1, 6, 7.) Mr. Anderson visited an ICI Paints store in Mishawaka, Indiana, and requested a particular primer from an employee, but was informed that this primer was no longer made. (*Id.* ¶¶ 6, 8.) Mr. Anderson then informed the employee that he was

---

[1] For purposes of deciding the present RULE 12(b)(6) motion, the court accepts plaintiffs' version of the events as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

looking to purchase paint and primer for the exterior redwood siding of his home, and was directed to purchase several gallons of Waterborne Bond Prep Clear Standard ("Bond Prep"), a product manufactured by defendant Weatherman Products, Inc., doing business as Rainguard International, Inc., and an accompanying product, Delux Fortis exterior paint. (*Id.* ¶¶ 9-10.)

In reliance upon this recommendation, Mr. Anderson purchased several gallons of Bond Prep, washed the exterior siding of his home, prepared the siding for painting, and provided the Bond Prep to a professional painter for application. (*Id.* ¶¶ 11-12.) The painter applied the Bond Prep to the exterior of plaintiffs' home, including all siding and window and door frames. (*Id.* ¶ 13.) A day later, the Delux Fortis exterior paint was applied to the same surfaces, but about halfway through the process, the paint began to separate from the Bond Prep. (*Id.* ¶¶ 14-15.)

Plaintiffs contacted defendant O'Leary Paint Company ("O'Leary"), the owner and operator of the ICI Paint store in Mishawaka, and Akzo Noble Paints, the distributor of the paint products, which was doing business as ICI Paints ("Azko"). (*Id.* ¶¶ 2, 3, 17.) Over the course of several months, defendants sent numerous representatives to plaintiffs' home and tried various approaches to remedying the problem, with no success. (*Id.* ¶¶ 18-19.) The home remains covered in Bond Prep, but the home cannot be painted without the removal of the Bond Prep, and the Bond Prep cannot be removed without the destruction of the siding. (*Id.* ¶¶ 20, 22.)

On June 1, 2010, plaintiffs sued defendants in the Marshall Superior Court in Marshall County, Indiana. (*See* DE # 1.) Azko removed this case to federal court on the basis of diversity of citizenship and the existence of a federal question in the form of plaintiffs' claim for violation of the Magnuson Moss Act, 15 U.S.C. § 2301, *et seq.* (DE # 4.) Defendant Weatherman Products, Inc., doing business as Rainguard International Inc. ("Weatherman"), moved to dismiss some of plaintiffs' claims against it. (DE # 21.) Plaintiffs responded (DE # 27), and Weatherman replied (DE # 28).[2] The motion is now ripe for ruling.

## II.     LEGAL STANDARD

Weatherman has moved to dismiss some of plaintiffs' claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. As a threshold matter, plaintiffs argue that their complaint should be evaluated according to Indiana pleading standards because it was filed in state court prior to removal to federal court and that the federal rules only apply after a case is removed. (DE # 27-1 at 2.)

---

[2] Defendant Azko also submitted a response to Weatherman's motion to dismiss, clarifying that a fact referenced in the introduction of Weatherman's motion—the fact that plaintiffs purchased Bond Prep in reliance on a recommendation of an ICI Paints employee—was simply an allegation and not an established fact. (DE # 26 at 2.) Azko pointed out that it had not admitted that the products purchased by plaintiffs were sold, manufactured, distributed, or recommended by Azko or ICI Paints. (*Id.*) Azko's response is noted. The court will not look to the statements made in Weatherman's motion but rather to the well-pleaded facts contained in plaintiffs' complaint in analyzing the present motion. *See Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010).

FEDERAL RULE OF CIVIL PROCEDURE 81(c)(1) provides that the FEDERAL RULES OF CIVIL PROCEDURE apply to a civil action after it has been removed from state court. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70 of Alameda County*, 415 U.S. 423, 437 (1974) (stating "once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal"); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 628 (7th Cir. 2007). RULE 81 does not demand, however, that federal courts apply state court pleading standards to complaints originally filed in state courts and later removed to federal court.

On the contrary, the Seventh Circuit has held that "it is rudimentary" that pleading requirements in the federal courts are governed by the federal rules. *Johnson v. Hondo, Inc.*, 125 F.3d 408, 417-18 (7th Cir. 1997). The Seventh Circuit and federal district courts have repeatedly applied the FEDERAL RULES OF CIVIL PROCEDURE when deciding motions to dismiss in removed actions. *See e.g., Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 670 (7th Cir. 2008); *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 521 (7th Cir. 2003); *Payton v. Rush-Presbyterian St. Luke's Med. Ctr.*, 184 F.3d 623, 626 (7th Cir. 1999); *Stuhlmacher v. Home Depot U.S.A., Inc.,* No. 2:10 CV 467, 2011 WL 1792853, at *2-4 (N.D. Ind. May 11, 2011) (Moody, J.) (analyzing this issue at length and applying FEDERAL RULES OF CIVIL PROCEDURE to RULE 12(b)(6) motion);

*Caldwell v. Jones*, 513 F. Supp. 2d 1000, 1003 (N.D. Ind. 2007).[3] Accordingly, this court will apply federal pleading standards in evaluating Weatherman's motion to dismiss.[4]

The court's analysis of the present motion to dismiss under the federal rules begins with discussion of RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE, which sets forth the pleading standard for complaints filed in federal court. Specifically, RULE 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). To satisfy RULE 8(a), "the

---

[3] Further, courts that have considered whether federal or state standards should be used to evaluate the substance of a complaint after removal have determined that federal law applies. *Henderson v. Food Lion, Inc.*, Nos. 90-2048, 90-2076, 1991 U.S. App. LEXIS 96, at *6-7 (4th Cir. Jan. 7, 1991) (unpublished); *Sibel Prods. v. Gaming Partners Int'l Corp.*, No. 09-cv-87, 2009 U.S. Dist. LEXIS 119703, at *6-7 (S.D. Ill. Dec. 23, 2009); *Lin v. Chase Card Servs.*, No. 09-5938, 2010 U.S. Dist. LEXIS 29120, at *7 n.2 (D.N.J. Mar. 26, 2010); *Maness v. Boston Sci.*, No. 3:10-cv-178, 2010 U.S. Dist. LEXIS 118748, *10 (E.D. Tenn. Nov. 4, 2010) (stating that pursuant to RULE 81(c), RULE 8(a)(2) and *Twombly's* plausibility standard apply to evaluate the substantive sufficiency of a complaint after removal to federal court); *Wendell v. Johnson & Johnson*, No. C 09-04124, 2010 U.S. Dist. LEXIS 4188, at *7 (N.D. Cal. Jan. 20, 2010) ("RULE 12(b)(6) motion considers the substantive sufficiency of the pleadings as if the action had never been in state court.").

[4] It is not clear that the federal pleading standards are much different than that of the state of Indiana. INDIANA RULE OF TRIAL PROCEDURE 8(A) requires a "short and plain statement" just like the federal rules. *See* FED. R. CIV. P. 8. Further, INDIANA RULE OF TRIAL PROCEDURE 9(B) requires that "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred. Malice, intent, knowledge, and other conditions of mind may be averred generally." This language is substantially similar to that of the federal rules. *See* FED. R. CIV. P. 9.

5

statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities).

As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010); see also Sanjuan*, 40 F.3d at 251 (stating that the plaintiff does not need to plead facts that establish each element of a cause of action and that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"). When evaluating the sufficiency of a complaint, the court must construe it in the light most favorable to the non-moving

party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010).

### III.   DISCUSSION

   *A.   Count IV : Implied Warranty of Fitness for a Particular Purpose*

Weatherman moves to dismiss Count IV of plaintiffs' complaint, which plaintiffs have styled as a claim for breach of an implied warranty of fitness for a particular purpose. (DE # 22-1 at 3.) Weatherman argues that no allegations have been made that Weatherman sold Bond Prep to plaintiffs, much less warranted its use for a particular purpose. (*Id.*) Plaintiffs concede that privity is required for this cause of action and agree to the dismissal of this claim against Weatherman. (DE # 27-1 at 3.) Accordingly, Weatherman's motion to dismiss is granted as to Count IV of the complaint.

   *B.   Count V : Magnuson Moss Act*

Weatherman moves to dismiss Count V of plaintiffs' complaint, in which plaintiffs allege violation of the Magnuson Moss Act (the "Act"), 15 U.S.C. § 2301, *et seq.* (DE # 22-1 at 4.) Under the Act,

> a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief.

15 U.S.C. § 2310(d). The Act further states that "[t]he term 'implied warranty' means an implied warranty arising under State law . . . in connection with the sale by a supplier of a consumer product." *Id.* at 2301(7).

The "unusual jurisdictional clause" contained in 15 U.S.C § 2310(d) permits an aggrieved consumer to sue on certain state-law claims (namely, claims alleging breach of a written warranty, implied warranty, or service contract) in federal court, whether or not the parties are of diverse citizenship. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998). However, it "does not provide an independent basis for liability; it only provides for federal jurisdiction for [the] state claims." *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001). When this portion of the Act is employed, a plaintiff's claim under the Act rises and falls with the underlying state-law claim. *See id.*

Weatherman argues that plaintiffs have failed to state a claim under the Act because they have failed to allege what, if any, written or implied warranties Weatherman made with respect to Bond Prep. (DE # 22-1 at 4.) However, as plaintiffs point out in their response brief (DE # 27-1 at 4), plaintiffs have alleged that Weatherman created a state-law implied warranty of merchantability by implicitly warranting that the Bond Prep would: be of fair, average quality; be fit for the ordinary purpose for which it was intended; perform in a manner consistent with the usage of trade; and conform to the affirmations of fact made on the label. (DE # 27-1 at 4.) Weatherman makes no attempt to attack the sufficiency of these pleadings regarding plaintiffs' state-law claim for breach of an implied warranty of merchantability. Thus, Weatherman has made no convincing argument that plaintiffs' claim under the Act,

which is premised upon this state law claim, should be dismissed. Weatherman's motion to dismiss is denied as to Count V of the complaint.

      C.      *Count VI : Negligence & Gross Negligence*

Weatherman also moves to dismiss plaintiffs' claims for negligence and gross negligence, both of which are set forth in Count VI of the complaint. Weatherman argues that FEDERAL RULE OF CIVIL PROCEDURE 10(b) encourages litigants to enumerate different claims as separate counts (DE # 28-1 at 3), and that Count VI impermissibly "blends together" two claims, and, "in the process, fails to allege a recognized cause of action." (DE # 22-1 at 5.)

Put simply, there exists no rule requiring plaintiffs to enumerate each claim in a different count. RULE 10(b) requires that litigants use numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiffs have done this. RULE 10(b) also states that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." FED. R. CIV. P. 10(b). However, when there is nothing to gain from forcing repetitions of basic allegations, parsing a complaint into separate counts is not favored. *Kainz v. Anheuser-Busch, Inc.*, 194 F.2d 737, 744 (7th Cir. 1952).

In this case, plaintiffs' gross negligence and negligence claims are both premised on the same alleged conduct of Weatherman (doing business as Rainguard): the breach of a duty of care with regard to the manufacture of Bond Prep and the production of defective Bond Prep which caused plaintiffs harm when it was applied to the redwood

siding of plaintiffs' home. (Compl. ¶¶ 4, 20-24, 62.) The only difference between plaintiffs' negligence and gross negligence claims is whether Weatherman simply failed to exercise ordinary reasonable care, or engaged in a conscious, voluntary act or omission in reckless disregard for the plaintiffs. Weatherman presents no convincing argument that the purposes of RULE 10 or general interests of clarity would be promoted by requiring the formal separation of plaintiffs' claims for negligence and gross negligence based on this difference, alone, given that the allegations otherwise underlying both claims are the same.

Weatherman also claims that an act cannot be both negligent and intentional at the same time, making plaintiffs' allegations of negligence and gross negligence inconsistent and warranting dismissal. (DE # 28-1 at 3.) However, RULE 8 states that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." FED. R. CIV. P. 8(d)(2). Therefore, even assuming Weatherman is correct that plaintiffs' allegations of negligence and gross negligence are inconsistent, at this stage of the proceedings, plaintiffs are permitted to allege alternative or hypothetical claims. RULE 8 even specifically permits plaintiffs to do so in the same count. Accordingly, Weatherman's motion to dismiss is denied as to Count VI.

    D.    *Count VII : Criminal Deception*

In Count VII of their complaint, plaintiffs allege that Weatherman "knowingly and/or intentionally, in the regular course of business, sold, offered, displayed for sale

and/or delivered less than the represented quality of Bond Prep" and, "with the intent to defraud, knowingly misrepresented the quality of Bond Prep they would provide" in violation of Indiana's criminal deception statute.[5] (Compl. ¶¶ 66-67.) Weatherman argues that Count VII should be dismissed because plaintiffs fail to explain how Weatherman, as the product's manufacturer, violated the criminal deception statute.

The Indiana criminal deception statute makes it unlawful for a person to sell, offer, display for sale, or deliver less than the represented quality or quantity of any commodity. IND. CODE § 35-43-5-3(a)(4)(B). It also prohibits the misrepresentation of the identity or quality of property. *Id.* § 35-43-5-3(a)(6). Plaintiffs have alleged that the Bond Prep they purchased was either defective in its design or was manufactured in a defective manner (Compl. ¶ 21), and that the defendants manufactured, sold, or otherwise put the Bond Prep into the stream of commerce in a defective condition. (*Id.* ¶ 32.) These allegations sufficiently put Weatherman on notice of plaintiffs' claim that Weatherman, the manufacturer of Bond Prep, misrepresented the quality of or sold, offered, displayed, or delivered less than the represented quality of the Bond Prep plaintiffs purchased. These allegations present "enough details about the subject-matter of the case to present a story that holds together." *Swanson*, 614 F.3d at 404. This is all that is required. Weatherman's motion to dismiss is denied with regard to Count VII.

---

[5] Weatherman elaborately points out that plaintiffs cited the wrong Indiana statute in Count VII of their complaint. (DE # 22-1 at 6.) This was obviously a typographical error on plaintiffs' part, but it does not warrant dismissal because the facts pleaded in the complaint meet the requirements of RULE 8 for stating a cause of action.

### E.     Count VIII : Deceptive Consumer Sales Act

In Count VIII of their complaint, plaintiffs assert a claim for violation of the Indiana Deceptive Consumer Sales Act (the "IDCSA"), IND. CODE § 24-5-0.5-1, *et seq.* Weatherman first argues that Count VIII should be dismissed because plaintiffs have not alleged that Weatherman made any oral, written, or electronic representation prohibited by the IDCSA. (DE # 22-1 at 7.) In so arguing, Weatherman insinuates that a representation is required to sustain an IDCSA claim. The erroneous nature of Weatherman's argument can be discerned by simply reading the statute. The IDCSA introduces its list of qualifying deceptive acts with this language:

> The following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier, are deceptive acts: . . . .

IND. CODE § 24-5-0.5-1(a). In other words, an IDCSA claim may be based on one or more of the acts *or* representations on the list. A claim may be based only on an enumerated act, and not on a representation at all. Weatherman does not attempt to argue that its alleged act of manufacturing Bond Prep should not qualify as a deceptive act under the IDCSA, and the court will not make such an argument on its behalf.

Weatherman also argues that plaintiffs' IDCSA claim should be dismissed because the right to recover under the IDCSA is exclusively afforded to the Indiana Attorney General. (DE # 22-1 at 7.) In making this argument, Weatherman has again misstated the law. Under the IDCSA, the Indiana Attorney General has the exclusive right to recover certain fines. *See, e.g.,* IND. CODE §§ 24-5-0.5-4(l); 24-5-0.5-8. The

Attorney General may also bring an action to enjoin deceptive acts. *Id.* § 24-5-0.5-4(c). However, the IDCSA also states that "[a] person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater." *Id.* § 24-5-0.5-4(a). Thus, the right to bring a civil suit for damages under the IDCSA is not exclusive to the Indiana Attorney General. Weatherman's motion to dismiss is denied as to Count VIII.

## IV.   CONCLUSION

For the foregoing reasons, the motion of defendant Weatherman Products, Inc., doing business as Rainguard International, Inc., to dismiss certain of plaintiffs' claims (DE # 21) is **GRANTED** in part, and **DENIED** in part, consistent with this opinion.

**SO ORDERED.**

Date: September 28, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

13